

**SO ORDERED.**

**SIGNED this 25 day of January, 2007.**

```
                              _____
                                   JAMES D. WALKER, JR.
                              UNITED STATES BANKRUPTCY JUDGE
```
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 06-70145-JDW |
| FIRSTLINE CORPORATION, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

| | |
|---|---|
| For Trustee: | David W. Cranshaw |
| | 3343 Peachtree Road NE |
| | 1600 Atlanta Financial Center |
| | Atlanta, GA 30326 |
| | |
| For Official Committee of Unsecured Creditors: | Todd C. Meyers |
| | Colin Michael Bernardino |
| | Michael D. Langford |
| | 1100 Peachtree Street, Suite 2800 |
| | Atlanta, GA 30309 |
| | |
| For Donald J. Murphy: | Wesley J. Boyer |
| | 355 Cotton Avenue |
| | Macon, GA 31201 |

## MEMORANDUM OPINION

This matter comes before the Court on Donald J. Murphy's objection to confirmation of the plan. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(L). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

This Chapter 11 case commenced on March 6, 2006. On November 29, 2006, the Official Committee of Unsecured Creditors filed an amended Chapter 11 plan. Donald J. Murphy, the sole equity holder of the debtor, filed an objection to the inclusion of exculpation and indemnification clauses in the plan.

Section 12.5 of the plan provides as follows:

> The Exculpated Persons shall not have or incur any liability to any Person served with a copy of this Plan or otherwise having notice regarding the filing of the Plan, including, without limitation, the Debtor, for any act taken or omission made in good faith in connection with or in any way related to, or arising out of, the Bankruptcy Case...except for gross negligence, willful misconduct, or breach of fiduciary duty as determined by the Bankruptcy Court. The Exculpated Persons shall have no liability to any Person served with a copy of this Plan or otherwise having notice regarding the filing of the Plan for actions taken in good faith under or relating to this Plan...except for gross negligence, willful misconduct, or breach of fiduciary duty as determined by the Bankruptcy Court. Further, the Exculpated Persons shall not have or incur any liability to any Person served with a copy of this Plan or otherwise having notice regarding the filing of the Plan for any act or omission in connection with or arising out of their administration of this Plan or the property to be distributed under this Plan or the operations or activities of the Debtor, the Trustee or

> the Liquidating Agent, except for gross negligence, willful misconduct, or breach of fiduciary duty as determined by the Bankruptcy Court. Without limiting the foregoing, the Exculpated Persons shall not have or incur any liability to any Person entitled to a distribution under this Plan if insufficient funds are present to pay that Person that which it is entitled to under this Plan. Notwithstanding anything to the contrary contained herein, none of the Exculpated Persons shall be released or otherwise free from liability on account of any Avoidance Action held by or belonging to the Estate.

Section 12.6 provides as follows:

> The Debtor will indemnify, hold harmless and reimburse the Exculpated Persons from and against any and all losses, Claims, causes of action, damages, fees, expenses, liabilities, and actions for which liability is limited pursuant to Sections 12.4 and 12.5 of this Plan, and the losses, Claims, expenses, etc. of the Exculpated Persons shall be paid from the Estate Assets as they are incurred by the Exculpated Persons. All rights of the Exculpated Persons indemnified pursuant to this Section shall survive confirmation of this Plan.

Section 1.2.40 of the plan defines exculpated persons as "the Debtor, the Trustee, the Committee, the Committee's individual members acting in their capacity as members of the Committee, the Debtor's Chief Restructuring Officer, and the Debtor's, the Trustee's, and the Committee's respective advisors, attorneys, consultants or professionals."

The Court held a hearing on the objection on January 16, 2007. During the hearing, Mr. Murphy waived other objections unrelated to the exculpation and indemnification provisions. For the following reasons, the Court will overrule the objection to the exculpation and indemnification provisions.

**Conclusions of Law**

Courts generally hold that exculpation and indemnification clauses are permissible in retention agreements if the clauses are reasonable in accordance with 11 U.S.C. § 328(a). United

4

Artists Theater Co. v. Walton, 315 F.3d 217, 230 (3d Cir. 2003). In addition, a handful of cases have considered and approved exculpation clauses in the plan, with no reference to a retention agreement. These courts reason that because the clauses do not exclude liability for gross negligence or willful misconduct, they merely restate the standard of care already in effect and are therefore unobjectionable.

In In re Friedman's, Inc., No. 05-40129, 2005 WL 4927681 (Bankr. S.D. Ga. Nov. 23, 2005), the court held that an exculpation provision in the Chapter 11 plan was neither *per se* against public policy nor unreasonable because (1) it excluded gross negligence and willful misconduct and (2) because of the transparency of the conduct of the exculpated parties during the bankruptcy proceedings. Id. at *4. The provision merely protected the exculpated parties in accordance with the business judgment rule and similar concepts. Id.

In In re Enron Corp., 326 B.R. 497 (S.D.N.Y. 2005), one of the creditors objected to an exculpation provision in the Chapter 11 plan and appealed confirmation of the plan. While the district court found the appeal moot, it noted that the bankruptcy court had specifically addressed the provision, finding it appropriate because it excluded gross negligence and willful misconduct. Id. at 501. In addition, the district court commented that the provision was necessary to keep key employees on board, many of whom had agreed to stay on in reliance on that provision, to wind up the company's affairs. Id. at 503.

Similarly, in In re PWS Holding Corp., 228 F.3d 224 (3d Cir. 2000), the court found that a clause exculpating the debtor, creditor's committee, and professionals had no practical effect and would not prevent confirmation of the plan because those parties remained liable for gross negligence and willful misconduct, which is the standard that would apply without the

exculpation clause. Id. at 246.

The Court finds these cases persuasive. The exculpation and indemnity provisions at issue are not prohibited by the Bankruptcy Code, they do not offend public policy, and they are not unreasonable. In fact, similar standards are applied outside of bankruptcy in accordance with the business judgment rule. See O.C.G.A. § 14-2-830 (2003) (relieving a director from liability to the corporation or shareholders for actions taken in performing the duties of his office if he acts in a manner he believes to be in the best interests of the company and he exercises the care of a prudent person in a like position and like circumstances).

The circumstances of this case are particularly suited to such provisions. In an opinion and order appointing a trustee in this case, entered on May 25, 2006, the Court has already detailed Mr. Murphy's efforts to obstruct the case and frustrate the efforts of the chief reconstruction officer. Based on his prior conduct, it is reasonable to anticipate that Mr. Murphy may seek to express any continuing dissatisfaction through litigation.

Because the exculpation and indemnification clauses do not affect the exculpated parties' liability for gross negligence, willful misconduct, or breach of fiduciary duty, they are appropriate in this case. Furthermore, the clauses are necessary to discourage any frivolous litigation.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT