

**SO ORDERED.**

**SIGNED this 27 day of August, 2007.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 06-70145-JDW |
| FIRSTLINE CORPORATION, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For the Liquidating Agent:    Michael D. Langford
                              1100 Peachtree St., Suite 2800
                              Atlanta, Georgia 30309-4530

For FirstLine Leasing:        Wesley J. Boyer
                              355 Cotton Ave.
                              Macon, Georgia 31201

**MEMORANDUM OPINION**

This matter comes before the Court on the Liquidating Agent's objection to the claim of FirstLine Leasing Corporation. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtor FirstLine Corporation filed a Chapter 11 petition on March 6, 2006. At the time of filing, Donald J. Murphy was the president and sole shareholder of the company. He signed the petition on behalf of Debtor. On April 20, 2006, Debtor filed its schedules, including Schedule F, which listed FirstLine Leasing Corporation ("FLC") as an unsecured creditor with a claim of $39,327 for a trade debt. Mr. Murphy, his two brothers, and his two sisters were the shareholders of FLC, which had been established to provide Debtor with trucking services and employees.

The Liquidating Agent for the case filed his First Omnibus Objection to Proofs of Claim and Scheduled Claims on April 26, 2007. He objected to FLC's claim on the ground it should be treated as an equity interest. In its response to the objection, FLC stated Debtor's books do not reflect a claim owed to FLC. Instead, the response alleged the $39,327 was property of FLC. The Court held a hearing on the objection to claim on August 6, 2007. The Liquidating Agent did not pursue its equity argument, instead focusing on FLC's assertion that it had no claim against Debtor.

During the hearing, Mr. Murphy testified the $39,327 was accrued earnings of FLC being held by Debtor in trust for FLC.  However, Mr. Murphy also testified and the Liquidating Agent conceded a 2004 audited financial statement for Debtor reflected a payable to FLC in the amount of $39,327.  Similarly, the internal financial statements of Debtor for 2004 and 2005 included a line item showing an account payable to FLC for $39,327.  In addition, a trial balance for FLC as of December 31, 2003, lists accounts receivable of $39,327.65.  FLC's 2005 federal tax return shows assets consisting of trade notes and accounts receivable in the amount of $39,328.  It also lists liabilities consisting of capital stock in the amount of $1,000 and retained earnings in the amount of $38,328.

## Conclusions of Law

At issue in this case is whether FLC's claim should be allowed.  In a Chapter 11 case, "[a] proof of claim or interest is deemed filed under section 501" of the Bankruptcy Code for any claim listed in the schedules as undisputed, noncontingent, and liquidated.  11 U.S.C. § 1111(a).  Pursuant to Bankruptcy Code § 502(a), claims filed under § 501 are deemed allowed in the absence of objection.  Under Federal Rule of Bankruptcy Procedure 3001(f), a properly filed proof of claim "constitute[s] prima facie evidence of the validity and amount of the claim."  The burden, therefore, initially falls on the objecting party to overcome the prima facie validity of the claim.  The burden then shifts to the claimant "to prove the validity of the claim by a preponderance of the evidence."  4 Collier on Bankruptcy ¶ 502.02[3][f] (15th ed. rev'd 2007).

In this case, FLC's claim was included on the bankruptcy schedules as a liquidated claim for a trade debt that was neither disputed or contingent.  Therefore, a proof of claim is deemed to

be filed, and the claim is prima facie valid.  In response to the Liquidating Agent's objection to its claim, FLC asserted it had no claim against Debtor; rather than seeking to recover a debt, FLC was seeking to recover its own property from Debtor.  This response is sufficient to overcome the prima facie validity of the claim and to shift the burden of proof to FLC.

FLC presented conflicting testimony as to the basis for its claim.  Initially–and in conformance with its response to the objection–Mr. Murphy testified that the $39,328 was owned by FLC and was not property of Debtor's estate.  However, the financial records of Debtor and FLC showed that both parties treated the money as a trade debt.  Debtor booked it as an account payable in both internal and audited financial statements.  FLC showed it as an account receivable in a trial balance and on its federal income tax return.

The Court finds the financial records of Debtor and FLC to be more credible and persuasive than FLC's response to the objection and Mr. Murphy's testimony regarding trust money.  Thus, FLC has a general unsecured claim for $39,328.  However, the Liquidating Agent argues there is no proof of any underlying transaction giving rise to the debt and, therefore, the claim should be disallowed.  While additional evidence, such as an invoice, might provide further proof of FLC's claim, the Court has already determined that the financial records alone are sufficient to prove the claim.  The Liquidating Agent could raise a defense to the claim, such as fraud, lack of consideration, or unconscionability.  Even assuming the applicable statutes of limitations do not prevent a defense from being raised at this time, the Liquidating Agent has not articulated any specific defense or offered any evidence to support a defense.  Consequently, the Liquidating Agent has provided no valid basis for attacking the claim.

For the foregoing reasons, the Court will overrule the Liquidating Agent's objection and allow FLC a general unsecured claim for $39,328.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT